reversed on the law and the facts, without costs, and motion granted, without costs, to the extent of requiring the attorneys for defendants Baltic American Line, Inc., and Wilh Wilhelmsen to enter a judgment in conformity with the order of March 26, 1931, unless within ten days from the entry of the order herein the respondents stipulate to vacate the order of dismissal and retry the case with all the defendants before the court. Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ., concur.

HILDA W. MITCHELL and Another, Respondents, v. MAX KLEIN, Defendant, and MURRAY STONE, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

THE MOUNT VERNON TRUST COMPANY, Respondent, v. MAY E. GINSBERG, Now Also Known as MAY E. GOLDING, Appellant.— Order granting plaintiff's motion for summary judgment, in so far as appealed from, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

THE NUNS OF THE ORDER OF ST. DOMINIC, Appellant, v. TOWN OF HUNTINGTON and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

UMBERTO POLITANO, Appellant, v. AARON L. JACOBY, Respondent, and JAMES A. McQUADE, Defendant.* — Order dismissing complaint as to defendant Jacoby affirmed, with ten dollars costs and disbursements. No. opinion. Hagarty, Scudder and Davis, JJ., concur; Lazansky, P. J., and Tompkins, J., dissent, with following memorandum: The case is presented on the theory that plaintiff had been illegally detained by defendant Jacoby prior and up to and including January 1, 1932, when the latter's term of office as sheriff of Kings county expired; that defendant Jacoby thereupon delivered plaintiff to his successor, defendant McQuade, by whom plaintiff was illegally detained until March 1, 1933. The action was commenced March 28, 1933. It is claimed by defendant Jacoby that the one-year Statute of Limitations (Civ. Prac. Act, § 51) applies, and that since his term of office expired January 1, 1932, any cause of action against him arose on that date; and as the action was commenced more than one year after that time, it is barred. At the time defendant Jacoby delivered plaintiff to his successor, the detention by defendant Jacoby was illegal. The delivery over to his successor was also illegal, and thus defendant Jacoby became a participant in the subsequent illegal imprisonment by his successor. (*Egleston* v. *Schiebel*, 113 App. Div. 798; *Bath* v. *Metcalf*, 145 Mass. 274.) The Statute of Limitations began to run upon plaintiff's release in March, 1933. (*Van Ingen* v. *Snyder*, 24 Hun, 81; *Dusenbury* v. *Keiley*, 8 Daly, 537; affd., 85 N. Y. 383.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. BLANCHEN REALTY CORPORATION, Respondent, v. HALSEY J. MUNSON, Assessor of the Town of Rye, New York, and Others, Appellants.— Order denying application to quash or modify writ of certiorari affirmed, with fifty dollars costs and disbursements. Appellants' time to serve an answer to relator's petition is extended ten days after service of the order to be entered upon this decision, with notice of entry thereof. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. HARRISON-RYE REALTY CORPORATION, Respondent, v. HALSEY J. MUNSON, Assessor of the Town of Rye,

* Affd., 264 N. Y. 686.

New York, and Others, Appellants.— Order denying application to quash or modify writ of certiorari affirmed, with fifty dollars costs and disbursements. Appellants' time to serve an answer to relator's petition is extended ten days after service of the order to be entered upon this decision, with notice of entry thereof. No opinion. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

SAMUEL RINZLER, Appellant, v. LENA RINZLER, Respondent, and Another, Defendant.— Judgment unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

SEAFORD LAND AND IMPROVEMENT CORPORATION, a Domestic Corporation, and Another, Appellants, v. NALMITH REALTY CORPORATION, Respondent, and Others, Defendants.— Judgment reversed on the law and the facts and a new trial granted, with costs to appellants to abide the event, on the ground that the determination that after the execution and delivery of the bond and mortgage by the defendant, respondent, the said bond and mortgage were materially altered is against the weight of evidence. Findings of fact and conclusions of law inconsistent herewith are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice. [See post, p. 826.]

STANDARD ACCIDENT INSURANCE COMPANY, Appellant, v. JOHN J. ACKERMAN and Another, as Administrators c. t. a. of the Estate of CLINTON G. SWACKHAMER, Deceased, Respondents.— Judgment reversed on the law and the facts and judgment directed for plaintiff for the sum of $1,027.35, with costs, the court being of opinion that the indemnity agreement is sufficiently broad to render the indemnitor liable for the legal fees incurred by plaintiff. Inconsistent findings are reversed and new findings will be made accordingly. Kapper, Carswell and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent. Settle order on notice.

TAPPAN AND NYACK BUS, INC., Appellant, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT and PUBLIC SERVICE INTERSTATE TRANSPORTATION COMPANY, Respondents.— On the court's own motion a reargument is ordered, for which purpose the case is ordered to be placed at the foot of the calendar of the April term. Present — Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ.

FRANK P. DANZILIO, Appellant, v. THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, Respondent.— Judgment and amended judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. Appeal from order resettling findings dismissed. The plaintiff is entitled to an accounting for the limited period ensuing after Wallis had resigned and the defendant had made direct payments to date upon a showing by plaintiff of money actually due and owing from the defendant. Collateral or oral agreements, aside from the contractual relationship, between Wallis and the plaintiff should not be included within the scope of the accounting between these parties. Findings inconsistent with this decision are reversed. Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ., concur. Settle order on notice.

HENRY F. HOMEYER and Another, Respondents, v. PIEL BROTHERS and Others, Defendants, Impleaded with HENRY G. PIEL, Individually and as Trustee of MARIA PIEL, Appellant.— Order, in so far as it denies the motion to dismiss the amended complaint, affirmed, with fifty dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur.